UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MOHD M. RAHMAN,

|  |  |  |
|---|---|---|
| | Plaintiff, | **COMPLAINT** |
| | - versus - | **17-cv-6054** |
| GHANDI CAFE INC., FARUK MIAH, and JANE DOE, | | **ECF CASE** |
| | Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NATURE OF THE ACTION

1.      Plaintiff was a server, host, and busser for an Indian restaurant, Ghandi Cafe, owned and operated by Defendants and located at 283 Bleecker Street in New York, New York. Plaintiff worked for Defendants from on or about October 16, 2014, through May 13, 2017.

2.      Throughout the course of his employment, Plaintiff's wages fell below the legal minimum wage as required by federal and state law.  Defendants also stole Plaintiff's tips. Additionally, Plaintiff routinely worked more than 40 hours per week and was not paid proper overtime pay.

3.      Plaintiff brings this action to obtain his lawful minimum wages, including overtime wages and stolen tips.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) in that at least one defendant resides in the district.

## PARTIES

### PLAINTIFF

7.      Plaintiff Mohd M. Rahman was employed as a server, host, busser, and occasional deliveryperson at the Ghandi Cafe restaurant from on or about October 16, 2014, until May 13, 2017.  Plaintiff was one of only two employees who consistently served customers while working at the restaurant.

8.      Plaintiff was engaged in commerce.  On information and belief, Plaintiff used ingredients, tools or other materials during the course of his employment, such as ingredients including rice, meats, and spices, all from other states within the United States and India, which traveled in interstate commerce.  Plaintiff also swiped customer credit cards when using the cash register.  All employees at the Ghandi Cafe restaurant are engaged in an industry affecting commerce.

9.      At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of the Fair Labor Standards Act and New York Labor Law.

### DEFENDANTS

10.      Defendant Ghandi Cafe Inc. is or was a corporation organized and existing under the laws of the State of New York, incorporated on June 8, 1999, and dissolved by proclamation on January 27, 2010.  It did business, and on information and belief, still does business as the Ghandi Cafe restaurant located at 283 Bleecker Street, New York, New York.

11.      Defendant corporation is an enterprise engaged in interstate commerce within the meaning of the FLSA in that the restaurant has employees engaged in commerce or the

production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person. On information and belief, based on Plaintiff's knowledge of tips received and meals sold, the restaurant's annual gross volume of sales has been over $500,000 in each year through the duration of Plaintiff's employment. Also, on information and belief, Defendant corporation uses and sells standard food products, such as dishes with rice, meats, and spices all sourced from outside the State of New York, and in some cases outside the U.S., that have been moved in interstate commerce.

12.     Defendant Faruk Miah, on information and belief, is an owner and operator of the Ghandi Cafe restaurant.  He was Plaintiff's primary boss at the restaurant.  He usually came into the restaurant every day shortly before noon.  He would then answer the phone, take food orders from customers, help wait tables, clean the premises, and perform other tasks as needed to run the restaurant.  Defendant Faruk Miah typically left the restaurant around 2:30 or 3:00 PM and returned every evening around 5:30 PM.  At all times relevant to this action, he had the power to hire and fire restaurant personnel, including Plaintiff; determine the rate and method of compensation provided to restaurant personnel, including Plaintiff; and manage and supervise restaurant personnel, including Plaintiff.  On information and belief, Defendant Faruk Miah was usually responsible for taking the tips out of the restaurant's tip box when going home for the night.  Also on information and belief, this Defendant was also responsible for maintaining employment records.  Defendant Faruk Miah hired the Plaintiff, and paid Plaintiff every Tuesday.

13.     On information and belief, Defendant Faruk Miah carefully monitored his employees' actions through surveillance cameras he had previously installed in the Ghandi Cafe restaurant.  He would call the employees at the restaurant if he observed them doing something

he did not approve of, such as looking at customer bills to check for tips, or complaining about being paid below minimum wage or other labor law violations.  His surveillance equipment allowed him to ensure that the employees always deposited all their tips into the tip box.

14.     Defendant Jane Doe, on information and belief, is an owner and operator of the Ghandi Cafe restaurant and the wife of Defendant Faruk Miah.  At all times relevant to this action, she had the power to hire and fire restaurant personnel, including Plaintiff, and manage and supervise restaurant personnel, including Plaintiff.  She worked at the restaurant on weekends, often coming in from 5:30 PM until 11:00 PM, and typically performed certain tasks such as giving orders to the staff, working the cash register, counting money, and taking phone calls.  When Defendant Miah was not at the restaurant, Defendant Jane Doe assumed his duties as the primary boss, including taking the tips out of the restaurant's tip box when going home for the night.  Defendant Jane Doe also fired staff, and, on information and belief, fired at least two employees during Plaintiff's employment at the restaurant.  Defendant Jane Doe herself fired the Plaintiff on May 13, 2017.

15.     At all times relevant to this action, Defendants were Plaintiff's employers as that term is defined by the FLSA and New York Labor Law.

## STATEMENT OF FACTS

### MINIMUM WAGE

16.     Both the federal Fair Labor Standards Act and New York Labor Law require that workers be paid a minimum wage.  29 U.S.C. § 206; N.Y. Lab. §652, 12 NYCRR § 146 – 1.2.

17.     As is more fully described below, Defendants have not satisfied the required conditions to legally take a tip credit.  Therefore, Plaintiff is entitled to the full minimum wage.

18.     Plaintiff worked afternoon and evening shifts at the restaurant from on or about October 16, 2014 until May 13, 2017.  He worked six days a week, Thursday through Tuesday from 3:00 PM to 12:00 midnight, throughout the course of his employment.  This amounted to 54 hours per week throughout the duration of his employment.

19.     Plaintiff was not permitted to take a break during his work hours.  He was provided a meal by the restaurant when he arrived at the restaurant to work his shift, but no official meal break time was given.  Plaintiff ate quickly and returned to work, and if a customer required service while he was eating, he assisted the customer.

20.     Plaintiff was paid every week on Tuesday, the end of his work week.  His salary was the same throughout the duration of his employment: $300 per week, always delivered in cash.  These payments were always delivered by Defendant Faruk Miah.

21.     Plaintiff was paid less than the full minimum wage.  The current minimum wage for small employers in New York City is $10.50 per hour, though at various times during Plaintiff's employment, it was $8.00, then $8.75, then $9.00.  By way of example, in one 54-hour week of work when the minimum wage was still $8.00 per hour, Plaintiff would be entitled to $432 in minimum wage alone, excluding all overtime pay.  Because Plaintiff was only paid $300 per week, he was effectively paid an hourly wage of $5.56, significantly lower than both the applicable state minimum wage(s) and federal minimum wage of $7.25.

22.     Plaintiff is entitled to the full minimum wage rate.  Defendants cannot take a tip credit under the FLSA or New York Labor Law as they failed to notify Plaintiff orally or in writing about the tip credit provisions of those laws, and because Plaintiff was not allowed to keep all the tips he earned.  29 U.S.C. § 203(m); 12 NYCRR § 146 – 1.3.

<u>OVERTIME PAY</u>

5

23.     Federal and New York Labor Law both require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 hours a week. 29 U.S.C. § 207; N.Y. Lab. § 650 et seq., 12 NYCRR § 146 – 1.4.

24.     Plaintiff worked 54 hours per week throughout the course of his employment, and at no time did Defendants pay Plaintiff overtime wages.

25.     Because Defendants cannot take a tip credit under the FLSA or New York Labor Law, Plaintiff is entitled to overtime pay based on the full minimum wage rate.

UNLAWFUL DEDUCTIONS AND KICKBACKS

26.     The Fair Labor Standards Act prohibits employers from requiring minimum wage employees to give any money back to his or her employer. 29 U.S.C. § 201 et seq; 29 C.F.R. § 531.35.

27.     New York Labor Law also prohibits employers from receiving "kickbacks" from their employees. N.Y. Lab. § 198-b.  This law states that an employer may not receive or demand anything of value from an employee, upon an understanding that failure to comply may prevent the employee from procuring or retaining employment.

28.     Additionally, both New York Labor Law and the FLSA prohibit the taking of tips given to an employee, except in a tip pooling scheme, where the money may be distributed among employees who customarily and regularly receive tips, such as waiters or bussers. 29 U.S.C. § 203(m); N.Y. Lab. § 196-d.

29.     Defendants required Plaintiff to deposit tips given to him into a "tip box." Throughout the duration of his employment, Plaintiff was required to give up all of his tip money into this box, with the exception of tips earned on occasional delivery trips, which he was permitted to keep.  Defendant Faruk Miah or Defendant Jane Doe personally took all of the

6

money from this box at the end of each day.  The restaurant accepted credit cards, but Plaintiff was not allowed to keep any tips left on a credit card purchase.

30.     There were typically two waiters serving customers at the restaurant, including Plaintiff.  Plaintiff estimates that the average amount of tips received by the restaurant each day excluding the lunch services when he was not present—in the tip box and on credit cards, excluding deliveries—was $160 per weekday, meaning Monday through Thursday, and $295 per weekend day, meaning Friday through Sunday.

31.     In the last five or six months of his employment, Plaintiff repeatedly requested that Defendants let him keep his tips, and Defendants refused.

32.     These unlawful deductions and kickbacks—the stealing of Plaintiff's tips— further reduced his salary below the minimum wage.

<u>EMPLOYEE NOTICE VIOLATIONS</u>

33.     New York State Labor Law requires that employers provide their employees in writing at the time of hiring, in English and in the employees' primary language, notice of the rate of pay, tip allowances, meal allowances, and other information pertinent to employment. N.Y. Labor Law § 195(1).

34.     New York State Labor Law also requires that, with every payment of wages, employers provide their employees with a statement indicating the rates of pay and basis thereof, deductions and allowances claimed as part of the minimum wage, the overtime rate of pay and overtime hours worked, and other information pertinent to employment.  N.Y. Labor Law § 195(3)

35.     At no time during Plaintiff's employment with Defendants did he receive the hiring or wage notice statements required by law.

KNOWING AND INTENTIONAL ACTS

36.     Defendants knowingly, willfully and intentionally committed the acts alleged herein.

37.     Defendants knew that the nonpayment of minimum wage and overtime pay would financially injure Plaintiff.

38.     Defendants never gave Plaintiff the required United States Department of Labor and New York State Department of Labor notice regarding minimum wage, overtime pay and tips.

39.     Defendants knowingly and intentionally took "kickbacks" in the form of a portion of Plaintiff's tips, further deducting his salary below the minimum wage.

**CAUSES OF ACTION**

COUNT I

*Federal Minimum Wage and Overtime Violations*

40.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

41.     Defendants willfully and intentionally failed to compensate Plaintiff the applicable minimum hourly wage and to pay overtime for his hours over forty (40) hours per week in violation of 29 U.S.C. § 201 et seq.

42.     Defendants have willfully and intentionally failed to comply with the FLSA with respect to compensation of Plaintiff.

43.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable

attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial.  29 U.S.C. § 216(b).

## COUNT II

### *New York State Minimum Wage and Overtime Violations*

44.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

45.     Defendants willfully and intentionally failed to compensate Plaintiff the applicable minimum hourly wage, including overtime pay, in violation of N.Y. Lab. Law § 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

46.     Defendants have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Plaintiff.

47.     Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages, unpaid overtime and "spread of hours" compensation, and liquidated damages and pre- and post-judgment interest, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law.  N.Y. Lab. Law § 663.

## COUNT III

### *Federal and New York State Unlawful Deductions and Kickbacks*

48.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

49.     Defendants have taken unlawful deductions from Plaintiff's wages by taking Plaintiff's gratuities in violation of 29 U.S.C. § 203(m) and New York State Labor Law § 196-d.

50.     Defendants have taken unlawful kickbacks from Plaintiff in violation of 29 C.F.R. § 531.35 and New York State Labor Law § 198-b.

51.     Defendants have willfully and intentionally failed to comply with the FLSA with respect to compensation of Plaintiff.

52.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff.

53.     Due to Defendants' violations of 29 U.S.C. § 203(m) and New York Labor Laws §§ 196-d, and 198-b, Plaintiff is entitled to recover from Defendants, jointly and severally, an amount to be determined at trial together with liquidated damages and pre- and post-judgment interest, costs and attorneys' fees pursuant to New York Labor Law.  29 U.S.C. § 201 et seq; N.Y. Lab. Law § 198.

## COUNT IV

*New York State Notice to Employee Violation*

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

55.     Defendants intentionally failed to provide written notice to Plaintiff of the rate of pay, tip allowances, and other pertinent employment information within ten business days of the beginning of his employment in violation of New York Labor Law § 195(1).

56.     Defendants intentionally failed to provide Plaintiff with a statement of the rate of pay, overtime rate of pay, hours worked, allowances taken, and other pertinent employment information upon receipt of his wages in violation of New York Labor Law § 195(3).

57.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to providing notification to Plaintiff.

58.     Due to Defendants' violations of New York Labor Law § 195(1), Plaintiff is entitled to recover from Defendants, jointly and severally, an amount to be determined at trial together with costs and attorneys' fees pursuant to New York Labor Law.  N.Y. Lab. Law § 198 1-b.

59.     Due to Defendants' violations of New York Labor Law § 195(3), Plaintiff is entitled to recover from Defendants, jointly and severally, an amount to be determined at trial together with costs and attorneys' fees pursuant to New York Labor Law.  N.Y. Lab. Law § 198 1-d.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that a judgment be granted as follows:

(a)     Declaring Defendants' conduct complained of herein to be in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b)     Awarding Plaintiff unpaid minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(c)     Awarding Plaintiff compensation for unlawful taking of tips in violation of the FLSA and N.Y. Lab. Law §§ 196 and 198-b.

(d)     Awarding Plaintiff compensation for failure to provide notice and wage statements under N.Y. Lab. Law § 195;

(e)     Awarding Plaintiff liquidated damages;

(f)     Awarding Plaintiff pre-judgment and post-judgment interest;

(g)     Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

(h)     Awarding such other relief as this Court deems is just and proper.

Dated:  Aug. 10, 2017

Respectfully submitted,


___/s/ Michael Turi_____
Michael Turi
Kenneth Kimerling
Asian American Legal Defense and
Education Fund
99 Hudson Street, 12th Floor
New York, New York 10013
(212) 966-5932

Shahira D. Ali
Lina Peng
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

ATTORNEYS FOR PLAINTIFF