February 23, 2018

**Via ECF and E-Mail**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:     **Rahman v. Ghandi Café Inc. et al.**, 17 CV 6054

Dear Judge Sullivan:

Pursuant to § 2.G of Your Honor's Individual Rules and Practices, the parties respectfully submit this joint letter to request the Court's assistance in resolving certain discovery disputes. As set forth in further detail below, the parties have used their best efforts to resolve the disputes herein.

**I.     Plaintiff's Position**

Plaintiff seeks production of: (1) names and contact information for employees who worked at Ghandi Café during the relevant time period; (2) payroll records for the same employees; and (3) additional discovery not produced by Friday, February 23, 2018. As detailed further below, after numerous communications and extensions granted by Plaintiff, as of today, Plaintiff still has not received the bulk of his discovery requests.[1] Although

---

[1] As detailed to Defense counsel in an email dated January 24, 2018 (and in subsequent follow-up emails dated February 7, 8, 12; telephonic conference February 2; settlement conferences January 22, 30; and telephonic conference February 19), Plaintiff is missing the documents listed below (see Exs. A, B). Plaintiff is still reviewing the production just received today, but with the exception of number 7 below, the other categories of requests still appear incomplete:

1. A complete set of tax returns for Ghandi Café Inc., from October 1, 2012, to present, and all relevant tax returns and payroll records for Individual Defendants (see RFD Nos. 17, 18, 26, 29);

2. A complete set of documents related to any Defendants' assets, and names of individuals with knowledge of assets held by Individual Defendants (see RFD No. 30; Interrogatory No. 5);

3. Any and all accounting and sales records for Ghandi Café Inc. from October 1, 2012, to the present, including documents reflecting the restaurant's cash flow and payroll records for all employees (see RFD Nos. 8, 9, 10, 14);

Plaintiff has just received some additional documents today from Defendants and are in the process of reviewing them, the production still appears largely incomplete, and Defendants specifically have not agreed to and have not produced employee names and payroll records. See supra fn. 1.  Plaintiff is entitled to all outstanding discovery and to the extent that the Friday production is incomplete, Plaintiff requests that the Court consider this letter as a pre-motion letter to compel all remaining discovery.  See F.R.C.P. 26(b); 37(a)(3).

In addition, in light of the delay in receiving Defendants' documents, Plaintiff seeks a two day extension of Plaintiff's deadline to take depositions from the current March 14, 2018, discovery deadline.  Plaintiff opposes Defendants' request for a 45 day extension of the discovery deadline as unnecessary and unfair to Plaintiff in light of Defendants' delays that have already occurred in this case.

With respect to "Defendants' Issue #1" below, Plaintiff's the deadline to respond and/or object to that request has not yet expired, and Plaintiff fully reserves his rights.

A.   Employee Names and Payroll Records

As brief background, Plaintiff filed the initial Complaint in this case on August 10, 2017, alleging minimum wage and overtime violations, unlawful deductions and kickbacks, and notice violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

Plaintiff served his First Request for Production of Documents ("RFD") on November 2, 2017, and served his First Set of Interrogatories on November 13, 2017, with responses due on December 4, 2017, and December 13, 2017.  Plaintiff thereafter agreed to give Defendants an extension until December 18, 2017, to produce documents.  Defendants did not produce any documents until January 8, 2018, after several follow up requests from Plaintiff, and served objections and responses at the same time.  Because Defendants failed to timely respond to Plaintiff's discovery requests, Defendants have waived any objections to

---

4. Any and all documents and information reflecting the names, employment and contact information of all principals or persons employed at Ghandi Café Inc. during the relevant period (see RFD No. 3, Interrogatory No. 12);

5. Information and/or records relating to any video or electronic surveillance used at Ghandi Café Inc. while Plaintiff was working at the restaurant (see RFD No. 15(k); Interrogatory No. 22);

6. A full set of Ghandi Café Inc.'s corporate documents (see RFD Nos. 1, 2);

7. Any and all documents concerning the hours of operation of Ghandi Café Inc. (see RFD No. 13);

8. The identities of individuals with knowledge or information concerning the cash flow in and out of Ghandi Café Inc. (see Interrogatory No. 4).

the requests.  See UBS Intern. Inc. v. Itet Brasil Instalacoes Telefonicas Ltd., No. 09 CV 4286, 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010).

All outstanding discovery sought by Plaintiff is relevant to disputed matters in this case, including to determine the number of hours that Plaintiff worked, the amount that Plaintiff was paid, and the amount of the restaurant's gross yearly sales.  See Freydl v. Meringolo, No. 09 CV 07196, 2011 WL 2566087, at *2 (S.D.N.Y. Jun. 16, 2011).

Specifically, the employee names and payroll records Defendants are refusing to produce are subject to discovery.  First, "current or former employees" were listed as potential witnesses by Defendants in their Rule 26(a)(1) disclosures, and Plaintiff is entitled to know their identities and contact information, and also to depose them.  Defendants have also disputed that Defendant Ghandi Café makes $500,000 per year (see docket entry no. 19 at 2), putting at issue the restaurant's revenue and expenses, including payroll.  See 29 U.S.C. § 203(s)(1)(A)(i)-(ii).  Based on Ghandi Café's 2014 and 2015 federal tax returns, the only ones produced thus far by Defendants, "salaries and wages" paid were $47,200 in 2014 and $84,156 in 2015.  These figures are not credible.  Plaintiff's produced W-2s indicate that he alone was paid $13,000 annually, leaving in 2015 a mere $71,000 in pay for at least four to five other employees Plaintiff understood to be working in the restaurant besides the Individual Defendants.  Further, Plaintiff's payroll records produced by Defendants state that he apparently earned $600 per week (over $30,000 a year), leaving less than $54,000 in tax reported payroll for the other four to five employees.  Thus, the other employee payroll records are also relevant as to how much Plaintiff was actually paid.

In advance of this letter, Plaintiff has used his best efforts to try to obtain this discovery from Defendants without Court intervention, including numerous attempts to meet and confer.[2]  The parties ultimately engaged in a meet and confer on February 19, 2018, during which Defense counsel indicated that he was not going to produce the employee names and payroll records, and that he will attempt to produce the remainder of the missing discovery by today.  That production, received by Plaintiff just this morning, is still incomplete.  See supra fn. 1.

B.     Deposition Scheduling

The close of fact discovery is March 14, 2018.  The Court previously granted a 30 day extension from the prior February 12, 2018, deadline at Defendants' request, which was

---

[2] Plaintiff's counsel had proposed on four different occasions times to meet and confer, including via emails dated February 7, 8, 9, and 12, offering available dates.  Defense counsel responded that he was unavailable during the initial proposed dates, and did not respond to Plaintiff's counsel's subsequent requests for alternative dates.  It was only through a joint settlement status letter submitted to Judge Freeman on February 14, 2018, that Plaintiff's counsel learned that Defense counsel was available for a meet and confer at 5 p.m. on February 19.  The parties met and conferred telephonically at that time for about 15 minutes.  Plaintiff first notified Defense counsel of his intent to file this letter on February 13, then sent an initial draft to Defense counsel on February 17.

unopposed by Plaintiff.  Plaintiff has noticed depositions of the Individual Defendants and two third parties for March 5, 7, 8, and 9.  Defendants have sent two notices for Plaintiff's deposition, one for March 5, and another for March 20.  Given that Plaintiff has not yet received all relevant documents,[3] Plaintiff requests a <u>two day</u> extension of Plaintiff's discovery deadline and has proposed the deposition dates below, provided that the Court orders immediate production of the missing discovery:[4]

> **March 6, 2018** – Mohd Rahman (Plaintiff)
> **March 14, 2018** – Mariah Miah (morning); George Silverman (afternoon)
> **March 15, 2018** – Monju Chowdhury (Defendant)
> **March 16, 2018** – Faruk Miah (Defendant)

Plaintiff opposes Defense counsel's request for yet another <u>45 day</u> extension to the discovery deadline or any other extensions to Defendants' deadlines.

## II.    Defendants' Position

### A.    <u>Response to Plaintiff's issues</u>:

For brevity, Defendants will respond to each of Plaintiff's issues as provided below:

<u>Plaintiff's Issue #1</u>: Plaintiff seeks production of: (1) names and contact information for employees who worked at Ghandi Café during the relevant time period; (2) payroll records for the same employees; and (3) additional discovery not produced by Friday, February 23, 2018.

> <u>Defendants' Response</u>: This is a <u>single plaintiff</u> FLSA lawsuit.  As such, there is no need to produce this requested information. It is irrelevant and unnecessary.

<u>Plaintiff's Issue #2</u>: Deposition Scheduling. Plaintiff has proposed the following dates for defendants depositions.

> **March 6, 2018** – Mohd Rahman (Plaintiff)
> **March 14, 2018** – Mariah Miah (morning); George Silverman (afternoon)
> **March 15, 2018** – Monju Chowdhury (Defendant)
> **March 16, 2018** – Faruk Miah (Defendant)

> <u>Defendants' Response</u>: My office has sent several emails to Plaintiff's counsel advising that I am  not available on the proposed dates for the above depositions, to

---

[3] Pursuant to the Court's Scheduling Order § 7(c)(i), depositions cannot proceed until both sides have responded to initial document requests.

[4] By email dated February 13, 2018, Defense counsel had notified Plaintiff that he was unavailable between March 7 and 13, which Plaintiff's proposal takes into account.  Plaintiff has received no other communication concerning Defense counsel's availability.

no avail. I have further requested confirmation of dates for Plaintiff's deposition to no avail.

I have advised Plaintiffs' counsel that discovery issues such as these should be resolved by the attorneys. The court should not be bothered with deposition scheduling issues.

I am presently scheduled to be travelling out of the country and out of my office from March 7, 2018 to March 13, 2018. As such, I will not be available during that time period. In addition, I am a solo attorney with a heavy litigation calendar, when I return.

As such, Defendants respectfully request a 45 day extension of the discovery end date to complete depositions. I have made this request to Plaintiff's counsel but they refuse.

Plaintiff's Issue #3: Plaintiff's Supplemental Discovery Request.

Defendants' Response: As per our meet and confer, Defendants seek to provide responses by Friday 2/23/18.

**B.    Defendants' issue(s):**

Defendants' Issue #1: Defendants have requested Plaintiff's tax returns, W-2's and bank records for the time period that Plaintiff worked at the defendant restaurant Ghandi Café (2014-2017). Based upon information and belief, Plaintiff had a second job at the Marriot. Relevance: If Plaintiff had a second job, he could not work the excessive hours that he is claiming in this matter.

Plaintiff has represented to us that he did not have a second job at the Marriot or any other second job. Plaintiff has represented that his personal tax returns and financial records will evidence this.

6                                                           February 23, 2018

Respectfully Submitted by:


*/s/ Lina Peng*
Shahira D. Ali
Lina Peng
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

Kenneth Kimerling
Asian American Legal Defense
and Education Fund
99 Hudson Street, 12th Floor
New York, New York 10013
(212) 966-5932

*Attorneys for Plaintiff*

*/s/ Michael Chong*
Michael K. Chong, Esq.
MKC LAW GROUP
2 Executive Drive, Ste. 720
Fort Lee, New Jersey 07024
(201) 947-5200

*Attorney for Defendants*