

**WWW.MKCLAWGROUP.COM**
LAW OFFICES OF MICHAEL K. CHONG, LLC

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 1250 BROADWAY, 36TH FL. STE. 300 | 2 EXECUTIVE DRIVE, STE. 720 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10001 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*

EMAIL: MKC@MKCLAWGROUP.COM

March 3, 2018

<u>Via ECF; Total Pages:3</u>
Hon. Richard J. Sullivan, U.S.D.J.
U.S. District Court - SDNY
40 Foley Square
New York, NY 10001

    Re:    Rahman v. Ghandi Café Inc. et al.
             Docket No: 1:17-cv-6054

Dear Judge Sullivan:

This office represents Defendants in the above referenced matter. Pursuant to § 2.G of Your Honor's Individual Rules and Practices, the parties respectfully submit this joint letter to request the Court's assistance in resolving an additional discovery dispute. The court has scheduled a conference to address certain discovery issues that the parties have submitted. It is respectfully submitted that the following also be addressed at the March 7, 2018 conference.

I.    <u>Plaintiff's Subpoena of Maria Miah - Defendants Position: Motion to Quash</u>

Plaintiff's have issued a Subpoena to Maria Miah, requesting documents and to depose her concerning this matter. Maria Miah is the daughter of Faruk Miah, (the owner of the defendant restaurant Ghandi Café, Inc.) and defendant Monju Chowdhury (the wife of Faruk Miah). She attended the settlement conference before Magistrate Judge Freeman on January 30, 2018 and served as a translator for her parents, Faruk Miah and Monju Chowdhury.

It appears based on her mere appearance at the settlement conference, Plaintiff's counsel seeks to demand documents from her and depose her.

Maria Miah has absolutely nothing to do with Ghandi Café. She is a hard working college student at Fordham with a heavy school schedule. She has no documents or any information about her father's restaurant. Further, she has no availability to take time off of school for a deposition.

I have reached out to Plaintiff's counsel and explained the above, to no avail. Plaintiff's counsel seeks to proceed with the Subpoena deposition and request for documents from Maria Miah (which she does not have).

I believe Plaintiff's counsel can easily recognize the above, without the need of burdening the court. There seems to be a slight touch of "over litigation" in this matter.

Nevertheless, to compromise on this matter, Maria Miah can submit an Affidavit confirming that she has nothing to do with Ghandi Café and has no documents. I believe this is reasonable.

II.     Plaintiff's Position:

As the Court knows, the parties in this case submitted a joint discovery dispute letter on February 23, 2018  ("Joint Discovery Letter," *see* docket entry no. 40), and a conference has been scheduled on March 7, 2018, to address the issues raised therein.  Pursuant to Section 2G of this Court's Individual Rules and Practices, the Court should disregard this successive letter with respect to another discovery issue that Defendants could have raised in the prior joint letter.  Plaintiff notified Defense counsel of the subpoena for Maria Miah on February 12, 2018, and Ms. Miah was successfully served with the subpoena on February 15, 2018.  In addition, in the drafts of the Joint Discovery Letter shared with Defense counsel, a date for Ms. Miah's deposition was clearly proposed.  Defense counsel thus had time and opportunity to object to her deposition in his portion of the Joint Discovery Letter, but chose not to do so.[1]  It was not until February 27, 2018, that Defense counsel first raised with Plaintiff's counsel, via an email, issues concerning Ms. Miah's deposition.[2]  Accordingly, the Court should disregard this belated pre-motion letter by Defendants to quash Ms. Miah's subpoena.

 If the Court does consider Defendants' pre-motion request to quash Ms. Miah's subpoena, for the reasons described below, the request should still be denied.

Plaintiff is entitled to take discovery "of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and this applies equally to the taking of discovery from third parties.  *See* Fed. R. Civ. P. 26(b)(1); *Malanga v. NYU Langone Med. Ctr.*, No. 14-cv-9681, 2016 WL 7477561, at *1–2 (S.D.N.Y. Dec. 29, 2016).  Contrary to Defendants' representations, Plaintiff believes that Maria Miah has relevant information and unique knowledge of matters at issue in this case.

As Defense counsel notes, Ms. Miah was present at the in-person settlement conference

---

[1] Nor did Defense counsel raise the issue of Maria Miah's deposition in the meet and confer the parties engaged in on February 19, 2018, prior to the submission of the Joint Discovery Letter.

[2] Upon receiving this email, Plaintiff's counsel sought confirmation from Defense counsel that he is also representing Maria Miah, but has not received a response.  Plaintiff respectfully requests that the Court direct Defense counsel to confirm this, and in the event that Defense counsel is not representing her, this request should be rejected for the additional reason that Defendants have no standing to move to quash.  *See Universitas Educ., LLC v. Nova Grp., Inc.*, No. 11-Civ-1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013) ("A party lacks standing to move to challenge subpoenas issues to non-parties on the grounds of relevancy or undue burden.").

before Magistrate Judge Freeman on January 30, 2018. Ms. Miah was permitted to be present, despite being a non-party, to serve as an informal translator for her parents, the individual defendants in this case. But to be clear, Plaintiff does not want to depose Ms. Miah solely because of her presence at the settlement conference, but rather because Plaintiff believes she has direct knowledge of and involvement in key issues in the case, including regarding time sheets.

Plaintiff has reason to believe that Defense counsel's representation that Ms. Miah has "absolutely nothing" to do with the case is inaccurate. Plaintiff is, in any case, not required to rely on such a representation from Defense counsel during discovery, especially when Defense counsel also represents the individual defendants. *See supra* fn. 2. The basis for Plaintiff's belief comes in part from statements made by Defendants at the settlement conference.[3] But even aside from that, Defendants run a family restaurant and it is highly likely that Ms. Miah assists with translating for her parents in connection with aspects of the business relevant to this case.

In short, Plaintiff is entitled to explore all these issues at a deposition, and to request that Ms. Miah produce all relevant documents in her possession related to the issues in this case. The proposed affidavit by Defense counsel would be insufficient and would unfairly prejudice Plaintiff's rights to discovery under the Federal Rules.

As Plaintiff's counsel has already communicated to Defense counsel, Plaintiff is willing to take reasonable steps to minimize disruption to Ms. Miah's school schedule, and currently does not expect that the deposition would last more than a couple of hours. Her school, moreover, is located within New York City, and thus there is no added burden regarding travel either. Accordingly, there is no undue burden here on Ms. Miah. For the reasons stated, the Court should reject Defendants' pre-motion request to quash Ms. Miah's subpoena.

Thank you for your kind courtesies in addressing this matter.

Respectfully submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

*/s/ Lina Peng*
Shahira D. Ali
Lina Peng
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
Attorneys for Plaintiff

MKC/
cc:    Plaintiff's counsel (*Via ECF*)

---

[3] If the Court so orders, Plaintiff can provide more detail with respect to these statements and the basis for his belief regarding Ms. Miah's involvement and knowledge concerning issues in this case.